Good morning, your honors. Jury size for appellant, Victor Rodriguez. If it pleases the court, in this case, the trial court gave the jury a felony murder instruction. There was no felony murder in this case. Mr. Rodriguez was charged in the information with one count of murder and three counts of felony possession of narcotics. According to California law, in order for a felony to qualify to support a felony murder theory, it has to be categorized as an inherently dangerous felony, such as burglary, arson, rape, robbery, mayhem. Possession of narcotics for sale is not characterized by the state of California as an inherently dangerous felony. Therefore, it is legally impossible for the felony murder theory based on possession of narcotics for sale to support a conviction. JUSTICE KENNEDY My understanding is the state doesn't dispute that. It's conceded, I think, that the instruction's erroneous. Is that correct? MR. RODRIGUEZ The California Court of Appeal conceded that it was erroneous, and Appellee also has conceded that it was erroneous. The difference is both the California Court of Appeal and Appellee argue that it's harmless error. JUSTICE KENNEDY So maybe that's what we should focus on. MR. RODRIGUEZ The fact that the Court instructed on a nonexistent theory, that there is no such thing as felony murder, possession of narcotics, makes it a structural defect. In addition to that, the fact that Mr. Rodriguez had never been given notice that he had to defend against the charge of felony murder, and that he was never given the opportunity to defend against the charge of felony murder, and suddenly the jury was instructed by the Court on felony murder theory, means that Mr. Rodriguez was ambushed. And again, that ambush necessitates reversal. Now, a court of appeals can't do that, because it deprives the defendant of an opportunity to defend against the charge. You can't convince someone of something that they're not given the opportunity to defend against, that's a grievous violation of due process. You can't ambush someone. And in this case, he was ambushed. He was not apprised of the information that he was being charged with felony murder. The prosecution never argued felony murder. The prosecution never mentioned felony murder in its opening argument. The prosecution never presented any evidence to support a theory of felony murder. The prosecution never mentioned felony murder in its closing argument. The prosecution never pursued felony murder. Isn't that an argument for why it's harmless? No. Since nobody ever told the jury other than in the instruction. But the problem is, there's a legal presumption that the jury follows the instructions of the judge, and in this case, even though it's legally impermissible to convict Mr. Rodriguez under felony murder theory, there was evidence presented to the jury to convict him of felony murder in their minds. The fact that there was evidence in this case that showed that both Mr. Rodriguez and the decedent possessed and used methamphetamine immediately prior to the death of the decedent. So there was, number one, there was possession of methamphetamine, the violation. Did Mr. Rodriguez tell people that this man that he was eventually killed, that he was a rat and he had turned him in and caused problems for him? Yeah. Told that to a number of people? Yes, he did. And there was. Did that show that he had some intent to take some action? That clearly shows premeditation and deliberation. And he was he was eventually convicted of first degree murder. Yes, sir. But the thing is, before you get to the first degree murder, you have to get to the second degree murder. And if even one member of the jury used the felony murder theory to establish malice and get to second degree murder, this conviction has to be overturned. But the jury ignored the instruction by the judge for second degree murder and found first degree murder. No, no. The judge never charged him a first degree murder, did he? The way the way the murder process works in the state of California is that first, the jury has to find second degree murder. They have to find something to establish malice to give them second degree murder. And you're getting into the thinking of the jurors. Well, we're getting it. We're getting it. So we considered second degree murder and came back with first degree. No, no. We come back and say this is first degree murder. With all due respect, I'm not getting into the thinking of the jurors. What I'm getting into is the way the legal process works in a murder case in the state of California. The way it works is that first, the jury reaches a decision on a second degree murder, whether or not there was malice. If they find that there was malice and there was second degree murder, then they go on to evaluate whether or not there's grants for finding a first degree murder, premeditation and deliberation. Told that they first determine whether there's second degree murder. And then if they do, they then look for malice. Is that part of the instructions? If it's an established practice. Well, how does a juror know that's the practice? Well, if nobody tells him that, how does a juror walks in, speak for a jury? Nobody says to him, apparently, from what you're saying, you first determine second degree, then you go to first. How did you have any idea that he was supposed to do that? California Decision Authority makes it abundantly clear that the concept of malice, the mental state of malice and the mental state of premeditation and deliberation for first degree murder are two separate and independent concepts. And so legally, a finding of premeditation and deliberation for first degree murder cannot be used to show that. Therefore, the jury did not use the felony murder theory to find malice and second degree murder because they're two entirely different concepts. According to the law in the state of California, people versus today. Now, the California Supreme Court said that and many, many other cases. In your brief, you posed the hypothetical, I think, trying to separate those. I'm sorry. I believe in your brief you posed a hypothetical. Let me see if I have it straight and and warn the counsel for the state that he's going to be asked basically the same thing. I think you pose the situation of of a defendant who was under the influence such that he could not form the requisite malice or act with the Can you explain how that works with the two concepts you say that are separate and how how it could have applied here so that that your client might have fallen into the category of one, but not the other. But for the felony murder rule. Yes. I'm sorry. I'm trying to figure out, is it because the malice piece in your theory is missing from your client because they might have replaced malice with the felon or found malice based on the felony murder rule? First of all, the instruction in the instruction, a 51 says the person causes another's death while committing a felony inherently dangerous to human life. The crime is murder. But that's murder in the second degree. Well, it doesn't say what degree it is. Right. You're right. It doesn't. But in California, it is. I mean, it just is. I'm sorry. Yeah. I mean, it's not a question. What is it? We're talking about what a jury determined. That's what that's what makes it harmless. Whether it affected the jury. Whether the jury was given an instruction that led it to find something that it should not or could not have found. Well, it could not have legally found. But see, the problem in this case is it very easily could have. Factually found that number one, a number of people and therefore presumably at least some of the jurors believe that possession of narcotics for sale is an inherently dangerous crime. It's not characterized by the state of California as an inherently dangerous crime, but a number of people and presumably a number of jurors would view it as such. Second of all, this is how they do the judge. Clifton's question to you is what is that a substitute for that they otherwise would not have found malice? But that was the question he asked. Was it a substitute for malice? And the answer is yes. And also there's a fact that there's a common perception that speed kills speed causes violent behavior. That's a common notion that's been out there in the public for many, many, many, many years. Put that together with the view that possession of narcotics for sale, possession of methamphetamine for sale is an inherently dangerous felony. And there is a distinct possibility that at least some of the jurors could have used that to establish malice. And if they did, the conviction has to be reversed. If there's you don't think because he went around threatening him and making these statements that the jurors may have been affected by that as well. Well, they clearly use that for premeditation and deliberation. There's no question about that. I mean, that factored into their decision and they used it for premeditation and deliberation. But that's not something that they could use for malice. But isn't premeditation part of first degree murder? Yeah. Premeditation is part of first degree murder. Malice is part of second degree murder. Well, is it malice? Is it correct that implied malice is enough for second degree, but you need to express malice for first degree? No. It can be implied through felony murder. No. Leaving aside felony murder. That in the ordinary murder, second degree is it can have implied malice and first degree needs express malice. No, no, no. Malice is second degree premeditation, deliberation and willfulness is first degree. Or if you don't have malice, you have manslaughter. I mean, yeah, yeah. So malice runs throughout murder for whatever degree. Is that correct? Right. If you don't have the malice piece, then you have. Then you go down to murder, slaughter, manslaughter, either voluntary or involuntary. Correct. Well, the instruction says that for first degree, you need express malice. OK. All right. Thank you, Kev. Felony murder, of course, is implied malice. If there's no other questions, I reserve the rest of my time. Good morning, Your Honors. You may please the court. In California, malice is required for either first or second degree murder. What distinguishes first degree murder from second degree murder is first degree murder has to be premeditated and deliberate intent. That's what the jury found in this case. They were instructed in order to find first degree murder, they had to find that the defendant had a willful, premeditated and deliberate intention to kill. That makes a first degree. Having made that finding with express malice. Yes. But that's what malice is. In other words, if the instruction says it has to be willful, premeditated, deliberate and premeditated with express malice. You're saying that's a surplusage. No, because I think it defines malice as intent to kill. OK. But the elements of the jury's told are willful, deliberate and premeditated killing with express malice for. Yes. But but in other words, in order to find in order to find first degree under that instruction, they have to have found an intention to kill. Yes. And they have to have found that that intention to kill was premeditated and deliberate. Once you have that finding, you have expressed malice. There's no way the jury can return a first degree murder verdict without making those findings. Once they make those findings, any question of implied malice or felony murder, second degree murder will become moot. Except that they can do it in a felony murder case. You know, well, if in a felony murder case, if the jury had been instructed on felony murder for first degree, they're just instructed on felony murder, not which degree of felony murder. Yes. But but I guess what I'm saying is that they may have gotten an instruction that said a homicide in the commission of inherently dangerous felony is murder. And I think there's a question about whether or not there's any evidence that the jury could have relied on to trigger that instruction. But I think the overriding point is that having found first degree murder, we know that the jury found a premeditated and deliberate intent to kill. Well, you wouldn't know that in the in a felony murder case where they were told. What's odd about this is they just tell you the felony. The felony murder constitutes murder. They don't tell you here what degree of murder you can. Yes. But but they were told what they but they were told what they had to find in order to find first degree murder. And the first degree murder was what they found. And the only way they could have found first degree murder was to find a premeditated and deliberate intent to kill. Once they found that, that's malice. And any error in the second degree murder instruction couldn't have been. You say it's the second degree murder instruction. The error isn't in a second degree murder instruction. The error is in giving a felony murder instruction. And it doesn't say anything in the felony murder instruction that you can find second degree murder if you find felony murder. Well, OK. Even even given that interpretation, what you have is an interpretation. It's a fact that nothing in the felony murder instruction tells you anything about which degree of murder it goes to. Well, that tells you it's murder. OK. But but the first degree murder instruction tells you what you have to find for first degree murder. And since they found first degree murder, they must have found the things that the instruction required them to find. Those things were premeditated, deliberate intent to kill. What would you say if this were a case? There are some crimes, some felonies that lead to a first degree felony murder instruction. Yes, that's right. OK. If you had a first degree felony murder instruction, then you would not have to find all of the elements that are set forth in the ordinary first degree murder case. That's right. So it's true that, yes, you do have to find everything set forth in the first degree murder instruction. Right. Unless the felony murder instruction also allows you to find first degree murder. Yes. But this felony murder instruction and this felony murder instruction. This is what we're coming down to. This felony murder instruction doesn't say you may find him guilty of first degree murder. It only says if you find felony murder, you may find him guilty of murder. Yes. Now, the question is whether the jury from that might think it could find him guilty of first degree. Well, that can't be so, though, because the instruction tells the jury what they have to find to find first degree murder. And the instruction that tells them what they have to find to find first degree murder tells them they have to find a premeditated and deliberate intent to kill. The only way they can find the only way the jury could have found first degree murder in this case was to find the intent to kill. Could they have found him guilty of felony murder and then second degree murder without complying with the second degree murder instruction? I don't know if I understand the question. The question is, does this felony murder, assuming that forgetting all the rest of the problems like there's no evidence of forget all that, I'm trying to see what this instruction adds to the jury. You say it doesn't allow him to find him guilty of first degree murder. It adds nothing to it. Does it add anything to the second degree murder instruction? If the jury had come back with a second degree murder conviction, you couldn't make the argument you're making today. You couldn't say it's harmless there, could you? If the jury came out with a second degree murder verdict, with a second degree murder conviction. Yeah. Then I think I then I would have to address squarely about what sort of error it might or might not be to have instructions that give two theories. And the only reason you're here with this argument is the first degree instruction has that explicit language. Yes. Express malice of forethought and premeditation and so forth. Right. Which you say demonstrates the jury must have jumped over the question that felony murder might otherwise have reached a different reason. Yes. For the for the. Now, let me take the hypothetical which had been posed in an appellant's briefs. Somebody who's under the influence such that he argues he could not have could not have had malice because he didn't have the mental state capacity to achieve malice. But there have been premeditation sufficient. Can you posit a situation where a jury could have reached a verdict or can you speak to that hypothetical as to why that could or could not happen? Well, if under California law, under Penal Code Section 188, if the defendant intends to kill and premeditate and deliberate, that's malice. In fact, if a defendant intends to kill, that's malice. So if you have a situation where the jury finds a premeditated and deliberate intent to kill, it's going to be first degree murder. If he if he's if his claim is that he was intoxicated, well, the jury is going to consider that evidence on the way. But if they end up with the finding of first degree murder based on premeditated deliberate intent to kill, they must have found they must have found malice. Well, appellant has cited several California cases for the proposition that premeditation and malice are separate concepts. Well, I think that's a that's a that's an overstatement and a distortion. The relations certainly is there. But under the statute, a finding of intent to kill is a finding of malice. Nothing under the statute. Nothing more needs to be found to find malice if you find an intent to kill. Now, that's not to say that under California law, findings on additional facts might serve to negate that finding. And the cases that the appellant cites basically are cases that talk about what happens in a situation where even if the defendant has a premeditated deliberate intent to kill, that is, that qualifies as a as a showing for malice. Even if the defendant has those has has that mental state, if there is provocation sufficient to excite the passions of a reasonable person or if there's imperfect self-defense, then malice might be negated. But that doesn't mean that the finding wouldn't otherwise suffice to to make the malice finding. So what you have here, I think demonstrably, is the jury found a premeditated deliberate intent to kill. That is sufficient under 188 to show malice and nothing more needs to be shown. The question might become, well, is there anything in the record that we can deduce about whether the jury might have negated that malice or made findings sufficient to negate the malice? They had instructions on perfect and imperfect self-defense that would have negated the malice. They rejected those those instructions because if they had accepted those instructions, they would have had to have returned an acquittal if they found perfect self-defense or under the instructions, they would have had to found manslaughter if they found imperfect, unreasonable self-defense. The state court said, and there's nothing in the instructions that would have allowed them to find a provocation. So I think you know, you can demonstrate that the finding of premeditation and deliberation of an intent to kill, that's all that's required to show malice. That's what the jury found to find first degree. Any other instructions would have only pertained to their ability to find lesser degrees. And you know that they didn't get there because they found the first degree. One last point that I wanted to make, although I think logically speaking, it's a preliminary point. And that is that it's not at all so that if you have two theories and one of them might not be supported by the evidence that it's unconstitutional error in the first place. In Griffin v. United States, a case I cited in my 28-J letter, the Supreme Court said that although there might be a question if you have two theories, one of which would have resulted in a conviction that would have been unconstitutional under a specific provision of the Constitution, like the full faith and credit clause or the treason clause. If you have two theories and one of the theories is invalid only because it's an insufficiency of evidence to support it, that is not a due process violation. And that conviction can stand. That's what you have here. You have a situation where even assuming all of these interpretations of the record and the evidence might be so, the reason the felony murder theory is invalid in this case is because there's no evidence to support it. And since that's the only infirmity under Griffin v. United States, you can count on the jury not to return that finding unless there's evidence to support it. So there's two separate reasons why this claim fails. One is it's not the type of two-theory claim that results in a due process violation. And second is it can be demonstrated that the finding of first degree mooted out everything else. Well, the state didn't ask for a felony murder instruction, did it? No, no. It's not really just sufficiency of evidence. Nobody was pursuing the theory, but the judge happened to read a form instruction that covered it. I think it's not that the evidence wasn't sufficient to make evidence. Oh, no, I think that I think that's I think that's what the argument is. The argument is, is that this is why is the instruction wrong? It's it's it's a facially valid statement of California law on on felony murder. Why is it wrong? Why is it erroneous? It's erroneous because there's no evidence to support it. But he was charged with other felonies in the same trial. He was charged with he was charged with other felonies. And the jury wasn't told that those felonies couldn't serve the purpose of the felony murder rule. They weren't told that. But there is no way I don't think that the jury could have used the instruction. And this is why Griffin, I think, said it was not a due process violation. There's no way the jury could have found those other evidence caused the death. They were they were subsequent crimes committed at the hotel after the murder. So it is it does reduce down. Well, why is it clear there were subsequent crimes? Well, because the possession crimes were were proved by what was found at the hotel room when he was when he was arrested. And there would have been no no evidence in the record upon which a jury could have found that those possessory crimes caused the death. Well, they don't have to cause the death. Well, it would have had to cause the death in order to trigger that disruption. That's what instead of if a person causes another death while committing not a person causes the death, but not that the other felony causes the death, the cause of death in the course of the felony, not that the felony is the cause of the death. Well, there's no evidence that that the death was caused while he was committing those other felonies. Well, that's the question. Was he possessing the narcotics while he was killing the people, the man? Well, I don't think I don't think you could. I don't think the jury could reasonably deduce that it was that there was any connection between those between those two. The only connection in it is temporal. The word is while if a person causes a death while committing another felony, in other words, he committing a narcotics felony at the time that he caused the death. Well, again, I don't think there's evidence about when those when those crimes were committed. I think that would be speculation on the jury's part. But even if even if it weren't, then I then we just go back to square one and square one is they found first degree premeditated deliberate intent to kill. So we know, therefore, that they found malice without relying on the theory that that is the case. Thank you. If I may, in response to a question to a Pele regarding whether there was evidence in this case, in this record to show that Mr. Rodriguez possessed methamphetamine immediately prior to the victim's death. Yes, there is such evidence at ER one nine one. Now, a Pele stated that appellant's argument that malice and premeditation are separate and distinct concepts was an overstatement of the matter to show that that's not correct. Let me read what the California Supreme Court said in People versus Cedeno, which was cited in the brief. Ken Kelsey at 703 pages 722 to 723. The mental state comprising malice is independent of that encompassed within the willful, deliberate and premeditated concepts that were elements of first degree murder. People default ill will toward a hatred of the victim are not requisites of malice, as that term is used in defining murder. Early instructions explain that if the killing was done in circumstances that evidence and abandoned and malignant heart malice could be found. Considered too cryptic, that instruction was superseded by one explaining that malice was evidenced by circumstances indicating that the killing was proximately caused by an act and actual consequences of which are dangerous to life. This act was deliberately performed by a person who knows that this conduct endangers the life of another and acts with conscious disregard for life. Skipping down, the people argue, however, that a defendant who is deliberated, who has carefully weighed his course of action and has considered the reasons for and against it, must have considered among those reasons the fact that it is unlawful and that he is obliged to act within the law. A similar argument was made by the people in People v. Connolly. In rejecting it, we noted that at least since the decision of People v. Gorsh in 1959, it has been settled that a defendant whose mental capacity was diminished by mental illness, disease or defect, short of insanity or by intoxication, might have premeditated and deliberated his act before killing and yet have been incapable of harboring malice. So that was not an overstatement. That was a statement of California law. Kelly referred to Griffin versus the United States, a case which was not in anyone's brief. Griffin says that Mr. Rodriguez prevails. What Griffin says is it draws a line between two cases. One is Yates versus the United States, which was cited in the panel's opening brief, which creates a situation where there's a conviction and one of the possible bases of conviction was legally inadequate. That's exactly the case here. The instruction on felony murder was illegal. The jury was instructed on a nonexistent crime that was legally inadequate. And then it compares that to the line of cases from Turner versus the United States, which upheld a general verdict when one of the possible bases of conviction was supported by inadequate evidence. In this case, there was not inadequate evidence. The felony murder theory was legally impermissible. If there are no further questions, I would submit. Thank you, counsel. The case is adjourned. It will be submitted. Thank you very much. Next case for argument. Counsel. OK, next case for argument is either versus row.
judges: Reinhardt, Clifton, Weiner